

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Office of The Attorney General
**State of Connecticut**
November 16, 2004

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Tel: (860) 808-5400
Fax: (860) 808-5593
E-mail: Garry.Desjardins@po.state.ct.us

**SENT VIA FAX**

Paul W. Shaw, Esq.
Brown, Rudnick, Berlack, Israels LLP
One Financial Center
Boston, MA 02111

Re:  State v. Simon Property Group, L.P. and SPGGC, Inc.

Dear Mr. Shaw:

    Pursuant to our telephone conversation earlier today, I am faxing herewith a copy of the State of Connecticut's complaint in this matter. As you indicated that your firm is representing both Simon Property Group, L.P. and SPGGC, Inc. in this matter and that you would accept service on behalf of both clients, I would ask that your firm acknowledge said representation and service of the complaint by signing the acknowledgement below and returning it to my attention.

Sincerely,

Garry Desjardins
Assistant Attorney General

    This confirms that Brown, Rudnick, Berlack, Israels LLP represents Simon Property Group, L.P. and SPGGC, Inc. in this matter, that we are authorized to accept service on their behalf and that we have received the complaint and so accepted service.

_____ , Esq.
Brown, Rudnick, Berlack, Israels LLP

_____
Date

11/16/2004 TUE 15:21 FAX                                                                    ☒003/018

## SUMMONS - CIVIL
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:
☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
("X" if applicable)
☒ Claiming other relief in addition to or in lieu of money or damages.

### INSTRUCTIONS
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevin is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday)  **12/14/04**

| | | | |
|---|---|---|---|
| ☒ JUDICIAL DISTRICT ☐ HOUSING SESSION | ☐ G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) **Hartford** | CASE TYPE (See JD-CV-1c) Major **M** Minor **90** |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
**95 Washington Street, Hartford, CT 06106**
TELEPHONE NO. (w/area code) **860-548-2700**

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | State of Connecticut | ☐ Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | Simon Property Group, L.P., 115 West Washington St., Indianapolis, IN 46204 | | 50 |
| Additional Defendant | SPGGC, Inc., 115 West Washington St., Indianapolis, IN 46204 | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

### NOTICE TO EACH DEFENDANT
1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 11/15/04 | SIGNED (Sign and "X" proper box) [signature] | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Garry Desjardins |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:
NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)
**Garry Desjardins, AAG, 110 Sherman St., Hartford, CT 06105**
TELEPHONE NUMBER **860-808-5400**
JURIS NO. (if atty. or law firm) **85113**

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
**N/A**
SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. 1 | # DEFS. 2 | # CNTS. 6 | SIGNED (Official taking recognizance; "X" proper box) | ☐ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|

**IF THIS SUMMONS IS SIGNED BY A CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

RETURN DATE: DECEMBER 14, 2004

| | |
|---|---|
| STATE OF CONNECTICUT<br>*Plaintiff* | : SUPERIOR COURT |
| | : |
| | : HARTFORD JUDICIAL DISTRICT |
| v. | : |
| | : |
| SIMON PROPERTY GROUP, L.P. and<br>SPGGC, INC. | : |
| *Defendants* | : NOVEMBER 15, 2004 |

## COMPLAINT

### FIRST COUNT

1. This is an action under the Connecticut Unfair Trade Practices Act ("CUTPA"), Chapter 735a of the General Statutes, to secure injunctive relief against the Defendant's alleged violations of General Statutes § 42-110b(a), which prohibits unfair or deceptive acts and practices, to obtain appropriate equitable relief including relief as is necessary to redress injury to consumers resulting from the Defendant's alleged violations of CUTPA, and for civil penalties.

2. The Plaintiff is the State of Connecticut, represented by Richard Blumenthal, Attorney General, acting at the request of Denise L. Nappier, State Treasurer and at the request of Edwin R. Rodriguez, Commissioner of Consumer Protection, pursuant to the Connecticut Unfair Trade Practices Act, and more particularly, General Statutes § 42-110m(a).

3. Defendant Simon Property Group, L.P. is a limited partnership, with its principal place of business located at 115 West Washington Street, Indianapolis, Indiana 46204.

-1-

4. Defendant SPGGC, Inc. is a corporation organized, existing and doing business under and by virtue of the laws of the State of Virginia, with its principal place of business located at 115 West Washington Street, Indianapolis, Indiana 46204.

## DEFENDANTS' COURSE OF CONDUCT

5. Whenever reference is made in this complaint to any act or practice of the Defendants, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and representatives of the Defendants did, or authorized, such act or practice, on behalf of the Defendants, while actively engaged in the scope of their duties.

6. The Defendant Simon Property Group, L.P. is engaged in the trade or commerce of owning and operating malls and community shopping centers in 36 states around the country, including the Crystal Mall in Waterford, Connecticut.

7. The Defendant SPGGC, Inc. is an affiliate of the Simon Property Group and administers the operation of the "Simon Gift Card" program nationwide.

8. On information and belief, the defendants offer "Gift Cards" for sale at The Crystal Mall in Waterford. While the defendants may promote them for use at retail stores within malls owned by the Simon Property Group, in fact, the cards contain a Visa logo and may be used outside the malls at any other retail or business establishment which accepts Visa cards for payment.

9. These Gift Cards constitute "gift certificates" according to the Connecticut Gift Card Law, Public Act No. 03-1 (June 30 Special Session), which prohibits any type of dormancy or

inactivity fees (§83) and prohibits the imposition of an expiration date on cards sold after August 15, 2003 (§84)(a).

10.     The defendants also operate a web site (www.simon.com), and promote Simon Gift Cards for sale on this site.

11.     According to the Simon Gift Card brochure which is further described in paragraph 17(a), below, "The Gift Card is neither a credit card nor an FDIC-insured deposit account. This Gift Card is issued by Bank of America, N.A., pursuant to a license from Visa U.S.A. Inc."

12.     Upon information and belief, while the defendants and Bank of America, N.A. may have an agreement concerning the issuance of Simon Gift Cards, the cards are provided and administered by WildCard Systems, Inc., a company which is in the business of providing and administering "stored value cards" including the Simon Gift Cards. According to WildCard Systems, Inc.'s web site, WildCard Systems, Inc. "is the global solutions leader in turnkey host based prepaid cards and custom stored-value products." Simon Malls is identified on WildCard Systems, Inc.'s website as one of its "partners."

13.     On information and belief, WildCard Systems, Inc. provides the actual Gift Cards to the defendants, provides the accounting services related to each card for Simon, and provides the consumer support services related to the cards for Simon, among other such services.

### Simon Gift Cards -- Fees and Expiration Date

14. Simon Gift Cards may be purchased in whole dollar amounts ranging from $20 to $500. In general, Gift Cardholders may use the card when they make a purchase, and the value remaining on the card is tracked.

15. According to the defendants, Gift Card holders can continue to use the card until either the card expires or the value of the card is exhausted, whichever occurs first. The Simon Gift Card expires after one year, and the card contains an expiration date to such effect on its face. This feature violates Public Act No. 03-1 §84, (June 30 Special Session), which prohibits the imposition of an expiration date on cards sold after August 15, 2003

16. The defendants charge the Gift Card purchaser an initial, one-time fee for the Gift Card:

(a) if the card is purchased online, a shipping and "handling" fee of $5.95 (or $17.95 if the consumer selects either 2-day or next day delivery); or

(b) if the card is purchased at a mall, an up-front "handling" fee of $1.50.

17. The defendants impose the following four fees on Gift Card holders in connection with their use of Simon Gift Cards:

(a) if the cash value of the card is not used within six (6) months, a $2.50 dormancy fee is deducted from the remaining balance on the card each month thereafter.

(b) if the consumer calls a toll free number to learn the remaining value of the Gift Card, $.50 is deducted from the value of the card for each call after the first such call.

-4-

(c) if the card is lost or stolen and the consumer seeks to have the card reissued (assuming that the consumer has recorded and saved the Gift Card's number, and is therefore able to request that the card be reissued), there is a $5.00 "reissue" fee deducted from the value of the card.

(d) if the consumer does not use the balance on the card before it expires and seeks to have a card reissued, the consumer will be charged a $7.50 "reissue" fee against the value remaining on the card.

### Simon Gift Cards – Disclosure of Fees

18. The fees described above are disclosed to consumers in different ways depending on whether the purchase is made at a Simon Mall or online. In either scenario, the disclosures are inadequate and misleading.

*Mall Purchase*

19. A consumer who purchases a Gift Card at a Simon Mall is provided two forms of written disclosures: (a) a brochure, and (b) a jacket enclosure for the Gift Card, which includes a booklet which folds, fan-style, to the size of the Gift Card. Neither the brochure nor the jacket enclosure provides information to the purchaser about the one-time purchase fee.

> (a) <u>brochure</u>: The brochure provides information about each of the four fees noted above at paragraph 17, but these four fees are not disclosed in one place, are difficult to find within the brochure, and are not calculated to provide actual notice to the

-5-

cardholder. For instance, three of the four fees are disclosed in very small (i.e., seven-point) type in an interior section of the brochure entitled "Service Charges" (the charge assessed to card holders who call Simon to check account balances is not disclosed in this section). In larger (nine-point) type, and in a more prominent location within the brochure, the dormancy fees and the $7.50 card reissue fees are disclosed, but within a section called "Do I ever expire?" instead of within a section with a title concerning the card's fees.

(b.) booklet: The booklet's description of the fees assessed to the card holder is similar to that in the brochure, except that all of the print is smaller. In a section entitled "Do I ever expire?", the dormancy fees and $7.50 reissue fees are disclosed in larger type (in the booklet, the largest print is seven-point type). Remaining fees are disclosed in less prominent locations and in smaller type (the smallest print is six-point type). Again, in a section entitled "Service Charges," three of the four fees assessed to the card holder are disclosed in the smallest print (six-point type).

*Online Purchase*

20. Consumers may also purchase Simon Gift Cards online through the defendants' website, www.simon.com.

21. A consumer can purchase a Gift Card from the defendants' web site without learning about any of the fees charged to the Gift Card holder, because there are no fee disclosures on the

--6--

home page or on any of the interactive pages on which a consumer inputs purchase, delivery, and billing information. Only the shipping and handling charges will be made known to the consumer who does not affirmatively seek out information concerning the fees associated with the Gift Card.

22. Only those consumers who seek out information about fees associated with the Gift Card will learn about them, and must do so by specifically clicking on either "FAQ" (Frequently Asked Questions) or "Terms and Conditions."

23. The "Terms and Conditions" section provides disclosures about three of the four fees on the last page of the section, at the thirteenth paragraph (out of a total of fourteen). If a user is reading the disclosures online, the user must scroll through the entire document to reach the most significant disclosures concerning the fees associated with the Gift Card. Only the $.50 balance inquiry fee is disclosed more prominently -- it is contained in the fifth paragraph.

24. The "FAQ" section provides less information. This section is broken out into 26 "questions." No "question" asks the defendants to identify all the fees and costs associated with the Gift Card, and in fact not all fees are disclosed on this page. In the answer to question 15 ("What if I want to buy something that costs more than the value of the Simon Visa Gift Card?"), information concerning the $.50 balance inquiry fee is disclosed. In the answer to question 18 ("Can the Simon Visa Gift Card be replaced if lost or stolen?"), information about the $5 replacement fee is disclosed; and in the answer to question 19 ("How long can I use the Simon Visa gift card?"), information about the $2.50 per month dormancy fee is disclosed.

25. If instead of clicking to "Terms and Conditions" or "FAQ", a consumer goes to a link called "About Simon Gift Card" to obtain an overview about how the card works, the consumer will learn the following: "How much does it cost? The total cost is the amount you choose to give -- from $20 to $500, plus shipping and handling charges." There is no other information about the fees to the recipient of the Gift Card in this section, including the dormancy fees, the reissue fees and the balance inquiry fees.

26. According to the defendants, the Gift Card expires one year after the purchase date. Dormancy fees are charged six months from the purchase date, if the Gift Card has not been used within that time.

## DEFENDANTS' VIOLATIONS OF CUTPA

27. The Defendants' course of conduct as alleged herein has been undertaken in the conduct of trade or commerce as defined in General Statutes § 42-110a(4).

28. The Defendants' acts and practices as alleged herein, particularly in assessing a $2.50 monthly fee if the card is not completely used in the first six months, in imposing a one year expiration date and in assessing a $7.50 fee to renew the card after the expiration date violate the public policy of the State of Connecticut in several respects, including Public Act No. 03-1(June 30 Special Session), which prohibits any type of dormancy or inactivity fees (§83) and prohibits the imposition of an expiration date on gift cards sold after August 15, 2003 (§84)(a).

29. The Defendants' acts and practices as alleged herein are unethical, oppressive, and

--8--

unscrupulous.

30. The Defendants' acts and practices as alleged herein caused or are likely to cause substantial consumer injury by the loss of value that occurs through the assessment of the inactivity fees and by the loss of any value remaining at the expiration of one year.

31. The Defendants' acts and practices as alleged herein therefore constitute unfair acts or practices in violation of General Statutes § 42-110b(a).

## SECOND COUNT

1-31. Paragraphs 1 through 31 of the First Count are incorporated as paragraphs 1 through 31 of this Second Count.

32. The Defendants have engaged in, and continue to engage in, the unfair acts or practices alleged herein when they knew or should have known that their conduct was unfair in violation of General Statutes § 42-110b.

## THIRD COUNT

1-27. Paragraphs 1 through 27 of the First Count are incorporated as paragraphs 1-27 of this Third Count.

28. The Defendants charge fees to Simon gift card holders against the balance of the card without clearly and conspicuously disclosing the material terms and conditions to consumers.

29. The Defendants' acts and practices violate Section 42-110b-22 of the Regulations of Connecticut State Agencies which requires that material conditions be clearly and

conspicuously disclosed reasonably adjacent to any offer.

30. The Defendants' acts and practices, as alleged in this Third Count, violate the public policy of the State of Connecticut, have been and are unethical, oppressive and unscrupulous, and cause substantial injury to consumers.

31. The Defendants' acts and practices, as alleged herein, constitute unfair practices in violation of General Statutes § 42-110b(a).

**FOURTH COUNT**

1-31. Paragraphs 1-31 of the Third Count are incorporated as paragraphs 1 through 31 of this Fourth Count.

32. The Defendants have engaged in the unfair and acts or practices alleged herein when they knew or should have known that their conduct was unfair in violation of General Statutes § 42-110b.

**FIFTH COUNT**

1-27. Paragraphs 1 through 27 of the First Count are incorporated as paragraphs 1-27 of this Fifth Count.

28. The Defendants, in their advertising and marketing materials, through statements made at the point of sale, and on the Simon card itself, represents that its Simon cards are gift cards.

-10-

29.  Pursuant to Public Act No. 03-1(June 30 Special Session) (§83, §84), gift cards sold in Connecticut after August 15, 2003 may not assess dormancy or inactivity fees or impose an expiration date.

30.  By representing that Simon cards are gift cards, the defendants, directly or by implication, represent to consumers that Simon cards do not assess dormancy or inactivity fees and that they do not have an expiration date.

31.  In truth and in fact, the Simon cards impose a dormancy or inactivity fee by deducting a monthly fee of $2.50 against the balance of the card if it is not completely used within the first six months of the date of issue. In addition, the Simon cards impose an expiration date, usually one year from the date of issue. The practice of charging $7.50 to renew the card after the one year expiration date is a second dormancy or inactivity fee.

32.  The defendants' acts and practices, as alleged in this Fifth Count, have been and are material, false, and likely to mislead gift card holders into believing that all the restrictions and protections, which apply to gift cards are applicable to Simon gift cards.

33.  The Defendant's acts and practices, as alleged herein, constitute deceptive acts or practices in violation of General Statutes § 42-110b(a).

--11--

## SIXTH COUNT

1-33.   Paragraphs 1-33 of the Fifth Count are incorporated as paragraphs 1 through 33 of this Sixth Count.

34.   The defendants has engaged in the deceptive acts or practices alleged herein when they knew or should have known that their conduct was deceptive in violation of General Statutes § 42-110b.

-12-

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff claims the following relief:

1. Issue an Order of Notice to the defendants, Simon Property Group, Inc. and SPGGC, Inc. to show cause why a preliminary injunction should not issue against them.

2. After notice and hearing, issue a preliminary injunction enjoining the defendants, Simon Property Group, Inc. and SPGGC, Inc, and their officers, agents, servants, employees, and attorneys, and those persons in active participation or concert or participation with them who receive actual notice of the order, from:

   a. Destroying, concealing, altering, defacing or transferring any records or documents related to the defendants' sale of Simon gift cards to Connecticut residents;

   b. Offering for sale or selling any gift card within Connecticut which contain expiration dates; and

   c. Offering for sale or selling any gift card within Connecticut which imposes any dormancy or inactivity fees against the gift card holder.

3. An order pursuant to General Statutes § 42-110m(a) enjoining the defendants from further violation of General Statutes § 42-110b(a).

4. An order, pursuant to General Statutes § 42-110m(a), directing the defendants to pay restitution.

5. An order, pursuant to General Statutes § 42-110o(b), directing the defendants to pay civil

-13-

penalties for each willful violation of General Statutes § 42-110b(a).

6.  An order, pursuant to General Statutes § 42-110m(a), directing the defendants to disgorge all revenues, profits and gains achieved in whole or in part through the unfair and/or deceptive acts or practices complained of herein.

7.  An award of attorneys fees, pursuant to General Statutes § 42-110m(a).

8.  Costs of suit.

9.  Such other and further relief as the Court deems equitable.

The Plaintiff hereby states that the amount in demand is more than Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

HEREOF FAIL NOT, BUT OF THIS WRIT, MAKE DUE SERVICE AND RETURN, ACCORDING TO LAW.

Dated at Hartford, Connecticut, this 15th day of November, 2004.

                PLAINTIFF,
                STATE OF CONNECTICUT

BY: _____
     RICHARD BLUMENTHAL
     ATTORNEY GENERAL

_____
Phillip Rosario (Juris No. 85059)
Assistant Attorney General
110 Sherman Street
Hartford, Connecticut 06105
Tel: (860) 808-5400

_____
Garry Desjardins (Juris No. 85113)
Assistant Attorney General
110 Sherman Street
Hartford, Connecticut 06105
Tel: (860) 808-5400

_____
José René Martinez Onofre (Juris No. 422652)
Assistant Attorney General
110 Sherman Street
Hartford, Connecticut 06105
Tel: (860) 808-5400

—15—